IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER REIMOLD and
NOLAN REIMOLD,

    Plaintiffs,

v.                                                                Case No.: 8:25-cv-2576

CENTAURI SPECIALTY INSURANCE
COMPANY, a Write-Your-Own (WYO)
Program Carrier participating in the
National Flood Insurance Program.

    Defendant.
_____/

**COMPLAINT FOR BREACH OF STANDARD FLOOD INSURANCE POLICY
UNDER THE NATIONAL FLOOD INSURANCE ACT, 42 U.S.C. § 4001**

Plaintiffs, JENNIFER REIMOLD and NOLAN REIMOLD ("Plaintiffs"), sue Defendant, CENTAURI SPECIALTY INSURANCE COMPANY ("Defendant"), and allege:

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. § 4001 et seq., and the regulations of the Federal Emergency Management Agency ("FEMA"), 44 C.F.R. Part 61, Appendix A(1).

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the insured property is located at 885 Seaview Circle, Crystal Beach, Pinellas County, Florida 34681, which lies within the Middle District of Florida.

PARTIES

3. Plaintiffs are individuals residing at 885 Seaview Circle, Crystal Beach, Florida 34681. Plaintiffs were the named insureds on the flood insurance policy at all relevant times.

4. Defendant is a Write-Your-Own ("WYO") carrier participating in the National Flood Insurance Program ("NFIP"), authorized to issue and administer Standard Flood Insurance Policies ("SFIPs") on behalf of the federal government pursuant to 44 C.F.R. § 61.13(f) and Appendix A(1).

## GENERAL FACTS

### The Policy

5. On or about March 8, 2024, Centauri issued to Plaintiffs an SFIP, Policy No. 0000111151, with building coverage limits of $250,000 and contents coverage limits of $100,000, subject to a $5,000 deductible (the "Subject Policy"). (A copy of the Subject Policy is attached hereto as Exhibit "A").

6. The Policy was in full force and effect from March 8, 2024, through March 8, 2025.

### The Loss

7. On or about September 26, 2024, during Hurricane Milton, Plaintiffs' insured property sustained direct physical loss caused by flood as defined under the SFIP.

8. Plaintiffs promptly notified Centauri of the loss, and Centauri acknowledged the claim and assigned claim handling to CNC Resource.

9. Plaintiffs complied with all conditions precedent, including the submission of a timely, signed, and sworn Proof of Loss with supporting documentation on March 13, 2025.

10. Plaintiffs' damages exceed $250,000 for building loss and $100,000 for contents loss.

11. Plaintiffs provided Centauri with detailed estimates, receipts, photographs, and other documentation substantiating the claim.

## COUNT I - BREACH OF CONTRACT

12. Plaintiffs reallege paragraphs 1 through 10 as if fully set forth herein.

13. At all times material hereto, the Defendant had a contractual duty of care toward the Plaintiffs to thoroughly investigate the claim, properly interpret and apply the terms and conditions of the Subject Policy within the applicable law, adjust the claim with the Plaintiffs, and pay all amounts due and owing under the Policy for covered flood damages

14. Defendant breached the SFIP contract by: failing to fully investigate the claim; failing to properly interpret and apply the terms and conditions of the Subject Policy within the applicable law; failing to adjust the claim with the Plaintiffs; failing to pay amounts due and owing under the Policy for covered flood damages; and improperly limiting or excluding coverage.

15. As a direct and proximate result of Defendant's breach, Plaintiffs have suffered damages, including but not limited to unpaid covered losses, repair costs, and related expenses.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs demand judgment against Defendant for:

(a) All amounts due under the Standard Flood Insurance Policy, including building and contents coverage;

(b) Prejudgment interest as allowed by law;

(c) Taxable costs of this action; and

(d) Such other and further relief as this Court deems just and proper.

Dated: September 24, 2025

Respectfully submitted,

By: ./s./ Larry Moskowitz
Larry Moskowitz, Esquire
Florida Bar No. 829587
LARRY MOSKOWITZ, P.A.
400 SE 9th Street
Fort Lauderdale, FL 33316
Telephone: (954) 797-7990
Email: pleadings@windylaw.com
Attorney for Plaintiffs

4